Turley, J.
delivered the opinion of the court;
This is an action of covenant brought to recover damá-ges for the non-delivery of a slave, hired by the plaintiff in error from the defendant, upon the following covenant:
“Articles of agreement made and entered into between Levi Goin, of the county of Claiborne and State of Tennessee, of the one part, and Pleasant Murphey of the latter part: Witnesseth, that the said Levi Goin doth hire a negro boy, Philip, about eight years old, for twelve months; and the said Murphey is to give the said Goin fifteen dollars for said hire, and to find the said boy in clothes, and to deliver the said boy to the said Goin at the end of the twelve months.”
Upon the trial it appeared that at the.end of the twelve months the negro was delivered to the defendant in error; but that he had been previously levied upon by an officer of justice by virtue of an execution against one William Mur-phey, and that he was -taken from the defendant by the officer and sold to satisfy the debt specified in said execution. Upon these facts the circuit judge charged the jury “that if the negro was delivered after he had been levied on it was no delivery in law; that he must have been delivered free from all embarrassment.” This charge is erroneous. In the case of Graham vs. Swearingin, 9 Yer. 276, this court, in giving a construction to a similar covenant, say, “the whole question of course turns upon the construction of the covenant, and is, whether the promise to return or re-deliver the negro, because expressed in writing and under seal, shall be construed as a special contract and undertaking, constituting in its legal effects the defendant an insurer, and binding him at all events to return and re-deliver the negro. We answer this question in the negative, both upon authority and principle.” In that case the negro was not delivered because he had absconded, without the neglect or default of the Hirer, and could, not be re-captured, and it was held that the hirer was not responsible upon his covenant to re-deliver. We think that case directly in point and conclusive upon the present. What neglect or default has the plaintiff in error been guilty of? None whatever. He has complied with his *443 contract in its very terms; he re-delivered the negro at the time specified, and if there were any incumbrance upon him it was not of his creation. Could he by any means have prevented antilegal levy by a sheriff or a constable? It was not for his debt or by his procurement, and there is no principle of law by which he can be held responsible for it.
The redress for the defendant in error is either against the officer who sold the negro or against the purchaser. The judgment will therefore be reversed and the case remanded for a new trial.